(56 Misc. Rep. 440.)

### TRUNK et al. v. HOWARD LAUNDRY CO.

(Supreme Court, Appellate Term. November 29, 1907.)

LANDLORD AND TENANT—CONTINUANCE TO PREPARE FOR TRIAL—RECOVERY OF POSSESSION.

Where, after a preliminary application for a continuance of proceedings to dispossess a tenant had been denied on the day succeeding that on which the precept was returnable, the case having been continued by the clerk on the previous day because of the absence of a justice, defendant filed a verified answer raising a material issue and claiming that the current term had not expired, it was error to deny an application for a continuance for one day in order to enable defendant to prepare for trial.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John Trunk and another against the Howard Laundry Company. From an order denying defendant's motion to open its default, it appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Myron Sulzberger, for appellant.

Leopold W. Harburger, for respondents.

PER CURIAM. These proceedings were instituted by the landlords to dispossess the tenant upon the ground that it is a monthly tenant, and that it held over without permission after the expiration of its term. The precept was returnable at 3 p. m. of April 1, 1907, and, there being no justice present at that time, the clerk adjourned the trial until 9 a. m. of April 2d. When the case was called on that day one Donnellan, an attorney, appeared in behalf of the attorney for the tenant, and asked that the trial be adjourned until April 3d to enable the defendant to prepare for the same, and also for the reason that the attorney for the defendant was anxious to attend the funeral of the vice president of the club of which he, said attorney, was a member. This request was denied, and the tenant was directed to file an answer. A verified answer was then drawn up by Donnellan, and sworn to by the treasurer of the defendant, denying the allega-

tions of the petition, and averring that by the terms of the lease the defendant was a tenant from year to year; the term not expiring until May 1, 1907. This answer was filed, and when the case was called again, at 3:15 p. m., Donnellan made a second application for a postponement until 9 a. m. of the following day, so that the defendant could be represented by its attorney, and a hearing then had upon the merits. This application was refused, and an inquest was taken, a warrant at once, on April 2d, at about 3:45 p. m., issued to a marshal, who immediately placed the landlords in possession of the premises. The foregoing facts appear in the moving papers on the motion to open the tenant's default, and are not substantially disputed. That motion was denied, and from the order denying the same this appeal was taken.

While, perhaps, the reason given, that the tenant's attorney desired to attend the funeral of a fellow member of his club on practically the return day of the precept, was not a legal excuse for delaying the trial, we think that under the circumstances the request for an adjournment for a single day to prepare for trial should have been granted. The tenant had interposed a verified answer setting up facts which, if true, would have entitled it to possession of the property from which it was sought to be removed. It had a right to a reasonable time in which to prepare to meet the issues presented by the pleadings, and the request for an adjournment of one day was not unreasonable, as less time would hardly have sufficed. It is almost the universal practice upon the return day of process to grant an adjournment without any substantial reason being given, and almost as a matter of course; in brief, the unseemly haste to rush this proceeding should not be countenanced.

The order appealed from is reversed, the default of the tenant opened, and a new trial ordered, with costs to abide the event.